IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CAROLINA CATERING CORP. D/B/A SKY CATERERS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**AEROSTAR AIRPORT HOLDINGS, LLC; PROHIAS INFLIGHT CATERING, LLC,**<br><br>**Defendants.** | **CASE NO. 19-1130 (GAG)** |

## **OPINION AND ORDER**

Carolina Catering Corp. ("Plaintiff") filed suit against Aerostar Airport Holdings, LLC ("Aerostar") and Prohias Inflight Catering, LLC ("Prohias") (collectively "Defendants") alleging a scheme by Plaintiff to facilitate and ignore violations of federal laws and regulations committed by Prohias in order to push it out of the in-flight catering business. (Docket No. 28). Plaintiff requests that the Court grant a preliminary injunction prohibiting Prohias from providing in-flight catering services until it proves compliance with mandatory federal laws and regulations. (Docket No. 30). For the reasons that follow, Plaintiff's Motion for Preliminary Injunction (Docket No. 30) is hereby **DENIED**.

**I.    Standard of Review**

A preliminary injunction is an extraordinary remedy that may be granted if the movant proves the following elements: "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) issuing an injunction will burden the defendants

1

**Civil No. 19-1130 (GAG)**

less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest." See González-Droz v. González-Colón, 573 F.3d 75, 79 (1st Cir. 2009).

The Supreme Court has recognized that "[t]he award of an interlocutory injunction by courts of equity has never been regarded as strictly a matter of right, even though irreparable injury may otherwise result to the plaintiff," and that where an injunction will adversely affect a public interest for whose impairment, even temporarily, an injunction bond cannot compensate, the court may withhold relief until a final determination of the rights of the parties, though the postponement may be burdensome to the plaintiff." Weinberger v. Romero-Barceló, 456 U.S. 305, 312-13 (1982) (internal quotations omitted).

**II.    Legal Analysis**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Id. (internal quotations omitted). The Court shall proceed to address each factor *seriatim*.

1. Likelihood of success on the merits

Plaintiff's Sherman Act, Lanham Act, and contract law claims are dependent on the alleged fact that Prohias is serving in-flight catering without complying with applicable federal laws and regulations, and that Aerostar is aware of this fact. (Docket No. 30 at 9). Plaintiff also claims that it is being charged a monthly fee, which Aerostar does not charge to Prohias, as part of the purported scheme to unreasonably restrain commerce and to exercise a monopoly in the in-flight catering services market. (Docket No. 28 at 51). Further, Plaintiff claims that it informed the United States

Food and Drug Administration ("FDA") and Aerostar of Prohias' alleged noncompliance, to no avail. (Docket No. 30 at 9).

Plaintiff's evidence is devoid of facts that would lead the Court to believe that Prohias is noncompliant. By contrast, Prohias has offered proof that: (1) it operates from an FDA compliant Registered Food Facility; (2) that it has been inspected twice by the FDA with no adverse action (as recent as February 11, 2019); (3) that it does not offer the garbage disposal services that Plaintiff claims; (4) it has been certified by the Puerto Rico Health Department; (5) and it has a compliance agreement for regulated fruits, vegetables, and plants with the United States Department of Agriculture ("USDA"). (Docket Nos. 44 at 12; 12; 13; Docket No. 44-Q; and Docket No. 44-Z). Prohias also demonstrated, through its contract with Aerostar, that it is charged the same monthly fee as Plaintiff. (Docket No. 44-H).

Plaintiff has not demonstrated that it is likely to succeed on the merits of its claims. It has not shown that Prohias is noncompliant with federal laws and regulations regarding in-flight catering services, which is necessary to prove all of its claims in the present case. In evaluating a motion for preliminary injunction, "[t]he sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." New Comm Wireless Servs., Inc. v. Sprint Com, Inc., 287 F.3d 1, 9 (1st Cir. 2002) (citing Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir.1993)).

2. Irreparable Harm

Plaintiff claims it risks irreparable harm absent injunctive relief as "federal enforcement resources are limited [and] without intervention by the Court, there is a real chance for irreparable harm, in that Prohías' non-compliant offerings will harm crew and passengers flying out of the

Airport." (Docket No. 30 at 22). This, Plaintiff claims, will, in turn, affect its reputation if it were to happen since people will believe Aerostar is also non-compliant. Id. at 23.

"The [Supreme] Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." Romero–Barceló, at 312; see also 11A Wright & Miller § 2948.1, at 139 (noting that "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.") Thus, "[a]n injunction should issue only where the intervention of a court of equity is essential in order effectually to protect property rights against injuries otherwise irremediable." Romero–Barceló, 456 U.S. at 312. Plaintiff fails to demonstrate irreparable harm, as it has not plausibly shown that Prohias may be non-compliant. The FDA has inspected Prohias and has not taken any negative administrative action. If the corresponding federal agency, which is qualified with the expertise to deal with these issues, did not find Prohias to be noncompliant, there is no risk of irreparable harm to Plaintiff in the present case.

3. <u>Public Interest</u>

"[A] determination of the public interest necessarily encompasses the practical effects of granting or denying preliminary injunctive relief." Bl(a)ck Tea Soc'y, 378 F.3d at 15. There is significant public interest in in-flight catering being compliant with federal rules and regulations. Plaintiff is correct that if Prohias non-compliance were to be true, the public interest would warrant a preliminary injunction.

4. <u>Weighing of the equities</u>

Finally, the Court must consider "the balance of relative impositions, i.e. the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues." Esso

**Civil No. 19-1130 (GAG)**

Std. Oil Co. v. Monroig–Zayas, 445 F.3d 13, 17–18 (1st Cir. 2006). Plaintiffs' only argument is that "not allowing preliminary relief would continually and permanently threaten competition and jeopardize the health, safety, and security of passengers and crew using the Airport every day." (Docket No. 30 at 24). Granting a preliminary injunction against Prohias, when all the evidence on record indicates compliance, would clearly cause a greater hardship to Prohias since it would essentially shut down its business. Thus, Plaintiff does not meet the balance of the equities factor for a preliminary injunction.

**III. Conclusion**

For the reasons explained above, Plaintiffs' request for preliminary injunction is hereby **DENIED**. Notwithstanding, the Court hereby places this case on a fast-track discovery schedule of sixty days. The Court will refer the case to a Magistrate Judge for an initial scheduling conference.

**SO ORDERED.**

In San Juan, Puerto Rico this 6th day of May, 2019.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge